IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| **CERTIFIED ENTERPRISES, LLC,** and **JERRY FAULK,** | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | **CIVIL ACTION NO. 09-00163-CG-N** |
| **DAUPHIN CREEK APARTMENTS, LLC, FOUNTAINBLEAU MANAGEMENT SERVICES, LLC C/O GINGER HARDIN, ROLAND VAUGHN, AMY KENNEDY, NORMA JONES, AND OCTAVIA THOMAS,** | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

This matter is before the court on the report and recommendation of the magistrate judge (Doc. 41) and the objection of the defendants to the report and recommendation (Doc. 42). The magistrate judge recommended that this action be remanded to state court because the complaint does not present a substantial question of federal law under the Multi-Family Mortgage Foreclosure Act ("MMFA") and federal law has not completely preempted the laws of the State of Alabama on the issues raised. Upon a de novo review of those portions of the report and recommendation to which the objection is made, the court agrees with the findings of the magistrate judge and finds that this civil action should be remanded to the Circuit Court of Mobile County, Alabama.

Because all the parties are Alabama residents, jurisdiction rests upon 28 U.S.C. § 1331 which grants jurisdiction to federal district courts for civil actions "arising under" federal law.

Since the plaintiffs have pled only state law causes of action, they "may not avoid federal jurisdiction if either (1) [their] state-law claims raise substantial questions of federal law, or (2) federal law completely preempts [their] state-law claims." Dunlap v. G&L Holding Group, Inc., 381 F.3d 1285, 1290 (11th Cir. 2004).  The magistrate judge first found that the plaintiffs' state law claims do not raise a substantial question of federal law because the interpretation of MMFA, if at all, is minimal and will not be dispositive of all plaintiffs' claims, the dispute in this action is between private parties, the Department of Housing and Urban Development ("HUD") is involved only to the extent that the mortgage was a HUD mortgage, and neither party to the present action was involved with the mortgage or the HUD foreclosure. (Doc. 41, pp. 10-11). Second, the magistrate judge found that the MMFA did not completely preempt the plaintiffs' state-law claims because, in light of the legislative history, it is unclear whether Congress intended to extend MMFA's preemption of state law beyond the narrow area of HUD foreclosures. (Id. at p. 13).

  The defendants make five objections to the magistrate judge's report and recommendation.  First, the defendants object to the magistrate judge's failure to reference certain "facts" in her report and recommendation that the defendants maintain are important. (Doc. 42, pp. 4-5).  These "facts" that the defendants propose, however, are legal conclusions and/or are not relevant to determining whether this civil action should be remanded.  For example, the defendants' assertion that the magistrate judge should have recognized that Southern Trace Holding Company, LLC ("Southern Trace") conveyed property to the plaintiff, Certified Enterprises, LLC ("Certified"), in derogation of the regulatory agreement between Southern Trace and HUD calls for a legal interpretation of a contract provision and is not

relevant to the present issue of whether there is federal question jurisdiction.

Second, the defendants object to the magistrate judge's finding that "[i]t is... undisputed that neither of the plaintiffs was a party to the foreclosure" (Doc. 41, p. 3, n. 2) because defendants contend that "for all real purposes, Southern Trace and Certified are the same entity and there is much evidence before the Court as to the issue." (Doc. 42, pp. 6-7). The magistrate judge acknowledges that "Certified Enterprises, LLC shares common owners with Southern Trace Holdings, LLC, (the foreclosed upon mortgagor)" but maintains that no evidence was before the court to contradict Certified's contention that it is a "separate corporate entity." (Doc. 41, p. 6, n.4).[1] While Southern Trace and Certified are wholly owned by the same two individuals, those companies are completely separate entities which are incorporated in Alabama with separate legal identities. (See Doc. 11, Exhibits B & C). Defendants' evidence shows that these two companies are related and, at times, have unsuccessfully tried to integrate themselves, but none of this evidence contradicts the plaintiffs' contention that these companies were, at the time of the HUD foreclosure, entirely separate. The court agrees with the magistrate judge that it is undisputed that neither of the plaintiffs were a party to the HUD foreclosure since there is no evidence that contradicts plaintiffs' contention that Certified and Southern Trace were separate companies.

Third, the defendants object to the magistrate judge's failure to distinguish the cases cited

---

[1] Although the defendants cite no law for their proposition that these two companies are, in fact, only one company, it appears that the defendants seek to employ the integrated enterprise/single employer theory to tie together these separately incorporated companies. The "integrated enterprise" or "single employer" theory is a way for a plaintiff to "reach nominally separate business entities if the entities can be shown to be an integral part of the same enterprise." Keenan v. Matchmaker Intern., Inc. of Mobile, 1999 WL 33590522, at * 4 (S.D.Ala. Jan. 20, 1999)(Butler, C.J.).

in their response (Doc. 26) and sur-reply (Doc. 39), specifically the Second Circuit Court of Appeals decision, W.14th St. Commercial Corp. v. 5 W. 14th Owners Corp., 815 F.2d 188 (2d Cir. 1987).[2]  None of the cases cited in the defendants' response and sur-reply are binding on this court, thus the magistrate judge did not need to discuss any of those cases.  Furthermore, none of the cases cited by the defendants are persuasive to this court.  For example, in W. 14th St.,[3] the Second Circuit Court of Appeals found that there was federal question jurisdiction because the Condominium and Cooperative Abuse Relief Act (CCARA), 15 U.S.C. §§ 3601-3616, expressly granted a plaintiff the right to bring an action in federal court. 815 F.2d at 193.  The MMFA, on the other hand, provides no such express grant.  Also, the Second Circuit found that, even if the only causes of action asserted were state-law claims, they involved a substantive question of federal law because the complaint asserting such claims would have to set forth the opponents' right of possession, a matter covered by the CCARA.  Id. at195.  In other words, "the state cause of action itself required the establishment of the right to possession; i.e., the plaintiffs, in order to win under state law, bore the burden of establishing right to possession, and the plaintiffs relied upon federal law to establish that right." Eastern States Health & Welfare Fund v. Philip Morris, Inc., 11 F.Supp.2d 384, 394-395 (S.D.N.Y. 1998).  In the present case, unlike in W. 14th St., the plaintiffs' right of possession does not rely on the MMFA.  As the magistrate judge correctly stated, "the validity of the leases turns primarily on state law." (Doc. 41, p. 11).

---

[2] The defendants also object to the magistrate judge's reliance on Citibank, N.A. v. Gumbs, 2007 WL 3491744 (N.D.Ga. Nov. 6, 2007).  With consideration of the defendants' arguments, the courrt finds that the magistrate judge's reliance on this case was proper.

[3] In this case, corporations affiliated with the developer of a condominium sought to enjoin the condominium owners' association from terminating commercial, garage and laundry leases between the condominium and the corporations.

Next, the defendants objection argues that there is federal question jurisdiction because the HUD Rules and Regulations are applicable. (Doc. 42, pp. 15-17).  The magistrate judge, on the other hand, found that "HUD is involved only to the extent that the mortgage was a HUD mortgage (with which plaintiffs were not involved).  In addition, the validity of the leases turns primarily on state law." (Doc. 41, p. 11).  As stated above, none of the plaintiffs were involved in the HUD mortgage or foreclosure action.  Additionally, the defendants did not cite any specific provision of the HUD Rules and Regulations that this court will need to construe. Lastly, the HUD Regulatory Agreement controlling Southern Trace's mortgage is a contract between Southern Trace and HUD, and to the limited extent that contract needs to be expounded, no federal laws will need to be interpreted.[4]

Finally, the defendants object to the magistrate judge's conclusion that the plaintiffs' claims are not completely preempted by federal law.  The defendants argue that the magistrate judge did not address the preemption that the defendants asserted: "the right of possession to the property" that they claim was given to them by the MMFA.(Doc.42, p. 17).  This argument, however, does not regard "complete" preemption but rather involves "ordinary" preemption.  As the Eleventh Circuit Court of Appeals stated,

---

[4] The defendants also object to the magistrate judge's failure to reference the following two cases in her report and recommendation: Municipality of San Juan v. Corporacion para el Fomento Economico de la Ciudad Capital, 415 F.3d 145 (1st Cir. 2005) and Pendleton Pines Assoc.,L.L.C. v. Ledic Mgmt., L.L.C., 354 F.Supp.2d 775 (W.D.Tenn. 2005).  As stated supra, neither of these cases are binding on this court, thus the magistrate judge did not need to discuss these cases.  Furthermore, neither of these cases are persuasive to this court because neither are relevant.  The first case turned on whether a cause of action was to be sent to arbitration, and the second case involved a plaintiff filing an action alleging specific violations of the Low-Income Housing Credit Act and HUD regulations, violations which the plaintiff in this case is not asserting.

> ordinary preemption may be invoked in both state and federal court as an affirmative defense to the allegations in a plaintiff's complaint. Such a defense asserts that the state claims have been substantively displaced by federal law. ... [A] case may not be removed to federal court on the basis of a federal defense, including that of federal preemption.
>
> Complete preemption, on the other hand, is a doctrine distinct from ordinary preemption. Rather than constituting a defense, it is a narrowly drawn jurisdictional rule for assessing federal removal jurisdiction when a complaint purports to raise only state law claims. It looks beyond the complaint to determine if the suit is, in reality, "purely a creature of federal law," even if state law would provide a cause of action in the absence of the federal law. It transforms the state claim into one arising under federal law, thus creating the federal question jurisdiction requisite to removal to federal court."

Geddes v. American Airlines, Inc., 321 F.3d 1349, 1352-53 (11th Cir. 2003)(internal citations omitted).

The plaintiffs assert state-law causes of action of trespass, conversion of personal property, interference with prospective advantage and contract, negligence, wantonness, negligent supervision, injunction, and abuse of process. (Doc. 41. p. 3). In defense, the defendants argue that the plaintiffs had no right to possess the property because, in part, the MMFA provides the defendants with the complete right of possession. The Supreme Court and the Eleventh Circuit Court of Appeals have made it clear that a defensive argument based on federal law does not create federal question jurisdiction. See Caterpillar, Inc. v. Williams, 482 U.S. 386, 398-99, 107 S.Ct. 2425, 2433, 96 L.Ed. 2d 318 (1987).

## CONCLUSION

After due and proper consideration of all portions of this file deemed relevant to the issues raised, and a de novo determination of those portions of the report and recommendation to which objection is made, the report and recommendation of the magistrate judge made under 28 U.S.C. § 636(b)(1)(B) is **ADOPTED** as the opinion of this court. It is **ORDERED** that this case be and is hereby **REMANDED** to the Circuit Court of Mobile County, Alabama.

**DONE** and **ORDERED** this 3rd day of September, 2009.


              /s/ Callie V. S. Granade
            CHIEF UNITED STATES DISTRICT JUDGE